IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**VICTOR ALLEN WHITE,**

                        **Plaintiff,**

       v.                                          CASE NO. 05-3044-SAC

**JENNIFER HENDRIX, et al.,**

                        **Defendants.**

<u>**O R D E R**</u>

    This matter is before the court on a civil action filed pursuant to 42 U.S.C. 1983. Plaintiff was permitted to proceed in this action in forma pauperis. The matter was dismissed on February 11, 2005, by the Honorable G. T. VanBebber. On February 25, 2005, plaintiff filed a motion for reconsideration (Doc. 5), a motion for leave to amend the complaint (Doc. 6), a Notice of Appeal (Doc. 7), and a motion to appoint counsel (Doc. 8). The matter was transferred to the undersigned on June 23, 2005. Plaintiff filed a motion for leave to proceed on appeal in forma pauperis (Doc. 11) on August 3, 2005.

    The dismissal in this matter terminated plaintiff's claims against two Lyon County Attorneys on the legal basis of prosecutorial immunity and terminated without prejudice his remaining claim that complaints against various state and county entities were not investigated in compliance with state law. The dismissal without prejudice does not impair plaintiff's ability

to pursue state court remedies.

Plaintiff's motion for reconsideration asks the court to examine an attached affidavit and reconsider the complaint.  The court has examined that material, which includes departmental receipts from the Emporia Police Department, a laboratory report prepared by the Kansas Bureau of Investigation, and an affidavit prepared by Officer Edward Owens of the Emporia Police Department in support of a request for forfeiture of seized property (Doc. 5, Attach.).

Plaintiff has addressed neither the finding of immunity nor the dismissal of his claims arising under state law.  Having examined all the materials, the court finds no basis to revisit the decision entered by Judge VanBebber and will deny the motion for reconsideration.

Plaintiff's motion for leave to amend the complaint (Doc. 6) was submitted after the dismissal of this matter.  Like the motion to reconsider, the motion for leave to amend asks the court to examine an attached affidavit.  The court has examined that document, which is a summary prepared by plaintiff providing his version of the events that led to his arrest and conviction.

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires"; however, that "'presumption is reversed...where a plaintiff seeks

2

to amend a complaint after judgment has been entered and a case has been dismissed.'" The Tool Box, Inc. v. Ogden City Corp., 419 F.3d 1084, 1087 (10th Cir. 2005)(quoting Bressner v. Ambroziak, 379 F.3d 478, 484 (7th Cir. 2004)).

The court has examined the motion and affidavit and finds no factual basis or legal argument which warrants amendment of the complaint. The motion to amend will be denied.

Plaintiff's motion for leave to proceed on appeal in forma pauperis must be evaluated pursuant to the Prison Litigation Reform Act of 1996, which substantially changed the procedures in applications by prisoners who seek to appeal without prepayment of the $255.00 appellate filing fee. Under section 1915(a)(2), the inmate must submit a certified copy of the inmate's institutional account for the six months immediately preceding the filing of the application. The court must assess, and collect when funds exist, an initial partial payment of 20 percent of the greater of either the average monthly deposits to the prisoner's account or the average monthly balance in the prisoner's account during that six month period. 28 U.S.C. 1915(b)(1)(B). Thereafter, the agency having custody of the inmate is to transmit monthly payments of 20 percent of the preceding month's income each time the amount in the account exceeds ten dollars ($10.00). 28 U.S.C. 1915(b)(2).

At the commencement of this action, plaintiff was granted

leave to proceed in forma pauperis.  Because plaintiff has not yet satisfied that fee obligation or the fee obligation imposed in Case No. 04-3077, the court grants leave to proceed on appeal in forma pauperis without payment of an initial partial appellate filing fee.  Plaintiff's payments toward the $255.00 appellate filing fee will commence upon the satisfaction of the earlier fee obligations and will be calculated according to 28 U.S.C. 1915(b)(2).  Plaintiff is directed to cooperate with his custodian and any future custodian to authorize the disbursement of funds to satisfy these payments.  The Finance Officer of the facility where plaintiff is housed will be advised by a copy of this order of these assessments.

Finally, plaintiff moves for the appointment of counsel.  The decision whether to appoint counsel in a civil matter lies in the discretion of the district court.  <u>Williams v. Meese</u>, 926 F.2d 994, 996 (10th Cir. 1991).  The court should consider "the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."  <u>Long v. Shillinger</u>, 927 F.2d 525, 526-27 (10th Cir. 1991).  Having considered the record, the court finds no compelling basis to appoint counsel and denies the motion.  Plaintiff may seek the appointment of counsel by filing a motion in the Court of Appeals.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motions for reconsideration (Doc. 5), for leave to amend the complaint (Doc. 6), and for the appointment of counsel (Doc. 8) are denied.

IT IS FURTHER ORDERED plaintiff's motion for leave to proceed on appeal in forma pauperis (Doc. 11) is granted. Collection action shall continue pursuant to 28 U.S.C. 1915(b)(2) until plaintiff satisfies the earlier fee obligations imposed in this action and in Case No. 04-3077 and the $255.00 appellate filing fee.

Copies of this order shall be mailed to plaintiff, the Finance Officer of the facility where plaintiff is incarcerated, and the Clerk of the United States Court of Appeals for the Tenth Circuit.

**IT IS SO ORDERED.**

DATED:  This 27th day of October, 2005, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge